*——: ——: failure to provide sinking fund.*

---

F. J. MILLER, Appellant, v. JOHN B. CLARK, Respondent.

Kansas City Court of Appeals, February 6, 1899.

Trespass: MALICIOUS: PLEADING: CONVERSION. Plaintiff's petition is held a declaration for malicious trespass, although the word "take" appears before the words "did wantonly and maliciously damage and destroy," and such action requires the destruction of the property and not the mere taking or conversion of the same; and evidence tending to show a conversion is wholly insufficient to sustain the action.

*Appeal from the Benton Circuit Court.—HON. G. F. LONGAN, Judge.*

AFFIRMED.

W. F. WRIGHT and W. S. JACKSON for appellant.

(1) The petition states a cause of action and the evidence supports the allegations of the petition. If there is any evidence tending to support the material allegations of

plaintiff's petition it is the duty of the court to submit it to the jury.   Higgins v. Railway, 43 Mo. App. 547; Kelly v. Railroad, 70 Mo. 604; Cook v. Railroad, 63 Mo. 397; Davis v. Clark, 40 Mo. App. 515.    (2)   The evidence shows that the plaintiff was on the —— day of August, 1895, the owner and in the lawful, exclusive and peaceable possession of the ferry boat and appurtenances described in his petition, and that on said date the defendant did, without lawful authority, forcibly take the property out of plaintiff's possession. (3)    The petition states a cause of action under the last section of the Trespass Act (sec. 8682, R. S. 1889), and it also states a cause of action for either common law trespass or conversion, for it alleges that defendant, did "take wantonly and maliciously damage," etc.   Under this allegation it was competent for plaintiff to show a taking against his will and a failure to return, and even though the evidence entirely failed to show the destruction of the property he is entitled under evidence to his actual damages and the case should have gone to the jury.   Coal Co. v. Quade, 28 Mo. App. 421; Weaver v. Harlan, 48 Mo. App. 319; R. S. 1889, sec. 2100.    (4)   If the allegations of the petition entitle the plaintiff to any measure of redress a deaf ear will not be turned to his complaint, simply because he thinks justice should be dispensed to him in a particular way other than and different from that to which he is actually entitled. Pomeroy v. Benton, 57 Mo. 531; Crosby v. Bank, 107 Mo. 436; Comings v. Railroad, 48 Mo. 512; Kneale v. Price, 21 Mo. App. 295.    (5)   The statute itself, section 8678, Revised Statutes 1889, recognizes the distinction between acts of unintentional and acts of intentional and flagrant wrong and seems to have been enacted for the sole purpose of restricting the recovery in actions brought for the penalty of the statutes to actual damages when the evidence fails to show malice.   Austin v. Coal & Mining Co., 72 Mo. 535.

Miller v. Clark.

GILL, J.—Plaintiff commenced this suit in the circuit court of Benton county, alleging in his petition, that on the tenth day of August, 1895, he was the owner of a ferry boat which, under a license from the county court, he was operating on the Osage River at Warsaw, Missouri, by means of a wire cable stretched across the stream, and that said property was of the value of $500. "That afterwards, to wit: on the —— day of August, 1895, defendant, without leave, did by himself, his agents, servants and employees take and wantonly and maliciously damage and destroy all of said property hereinbefore mention of the value hereinbefore stated. Wherefore and by reason of the foregoing premises plaintiff says an action hath accrued to him to have and recover off of defendant the sum of $1,000, double the value of the property of this plaintiff, so maliciously and wantonly destroyed by defendant as aforesaid, for which amount he demands judgment." The answer was a general denial.

STATEMENT.

At the trial below plaintiff introduced evidence tending to prove that in the spring of 1895 he owned the boat subject to a past due mortgage of $175 held by defendant Clark; that defendant advertised and sold the boat under the mortgage, himself becoming the purchaser. Thereupon some arrangement was made between plaintiff and defendant whereby the former retained possession of the boat, agreeing to pay defendant $10 a month until the said $175 and all costs of sale were paid when the title thereto should pass to plaintiff; and plaintiff testified that he paid or tendered these partial payments, as they became due. Plaintiff's evidence further showed that several months after the above arrangement defendant instituted against the plaintiff, and before a justice of the peace, the proceeding provided in the statute (R. S. 1889, sec. 818), whereby the owner of a boat or vessel may compel a master thereof to surrender such boat, and under

this secured a judgment. But on appeal to the circuit court the said proceeding was dismissed, on this plaintiff's motion. In the meantime, however, an execution, or writ of restitution, had been issued by the justice, and thereon the constable had taken the boat from this plaintiff and delivered it to the present defendant. There was no evidence, however, that the boat had been in any way damaged or destroyed, as alleged in the petition.

On this state of facts, the trial court gave a peremptory instruction for defendant, and from a judgment against him plaintiff appealed.

This clearly is an action for malicious trespass, based on section 8682, of the Revised Statutes, which provides, that

TRESPASS: malicious: pleading: conversion. "If any person shall maliciously or wantonly damage or destroy any personal property, goods, chattels, furniture or live stock, the person so offending shall pay to the party injured double the value of the thing so damaged or destroyed." Although the word *"take"* appears in the petition the *gravamen* of the action is that defendant did "wantonly and maliciously damage and destroy" said property, of the alleged value of $500, "wherefore and by reason of the foregoing premises plaintiff says an action hath accrued to him to have and recover of defendant the sum of $1,000, double the value of the property of this plaintiff, so maliciously and wantonly destroyed by defendant as aforesaid, for which amount he demands judgment."

The fault with plaintiff's case consists in his failure to make proof of the substantial allegations of his petition. The cause of action alleged, *but not proved,* is a malicious or wanton destruction of plaintiff's boat. There was not a particle of evidence tending to prove any such damage or destruction, and without this there was an entire failure of proof. For aught that appears in the evidence the boat may have been

left intact and uninjured. But unless destruction or damage is shown the cause of action stated in the petition is not made out.

Plaintiff's evidence might have some tendency to prove trover or trespass at common law, but this is an altogether different action from that alleged in the petition. They require different evidence for their support, and call for a different measure of damages or manner of relief. Scovill v. Glasner, 79 Mo. 449; Holliday v. Jackson, 21 Mo. App. 660. Trover is established by proof of the taking away and conversion of the plaintiff's personal property, but malicious trespass under the statute requires wanton or malicious destruction or damage thereof. And in the one case the measure of damage is the market value of the property at the date of conversion, whilst in the other plaintiff is entitled to double the amount of destruction or damage, and in addition the party found guilty of the last named offense may be committed to prison until the judgment is paid or the party released under the provisions relating to insolvent debtors. R. S. 1889, sec. 8680. The two causes of action then being entirely different, we have then room for the application of the rule that a plaintiff can not sue on one cause of action and recover on another separate and distinct.

Section 8678, of the trespass statute, does not aid plaintiff's contention. That section was only intended to cover cases where the damage or destruction was not done with malice—where the defendant had probable cause to believe that the property destroyed or damaged was his own; in that event plaintiff is confined to the recovery of single damages; it does not, however, relieve the plaintiff, when suing on the statute, of the burden of proving that the damage or destruction of the property was committed as charged in the petition.

So from whatever aspect this case is viewed, the plaintiff failed to introduce evidence tending to prove the cause

of action alleged.    It was not an instance of unimportant variance, but an entire failure of proof.

In our opinion then, the trial court properly sustained a demurrer to the evidence and its judgment must be affirmed.    All concur.